IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADSHAW GENARD NUNNALLY d/b/a HAQNNIBAL AMARU HAGAN, A Englisc Heir and Lawful Traveler,<br><br>Plaintiff,<br><br>vs.<br><br>FRATERNAL ORDER OF POLICE, ILLINOIS STATE TROOPERS LODGE NO. 41 et al.,<br><br>Defendants. | Case No. 25-cv-1916-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff, representing himself, files suit against Defendants Fraternal Order of Police, Illinois State Troopers Lodge No. 41, Illinois State Police, Sgt. J. Garcia, and Kwame Raoul. The matter comes before the Court for screening. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").[1] For the reasons that follow, Plaintiff's complaint is **DISMISSED** and his request for a preliminary injunction is **DENIED**.

---

[1] Plaintiff has not yet paid the filing fee or moved to proceed *in forma pauperis*. Nonetheless, because Plaintiff seeks immediate injunctive relief, the Court will take up the case now.

## BACKGROUND

Plaintiff alleges as follows:

1. On or about May 29, 2025, Plaintiff was detained by Sgt. J. Garcia, who unlawfully issued four citations and confiscated Plaintiff's private property.
2. These acts were conducted without probable cause or breach of the peace, constituting trespass upon liberty and property under A Englisc common law.
3. Plaintiff filed a Formal Complaint with the Illinois Attorney General's Disability Rights Bureau on May 29, 2025, citing violations of Magna Charta and Common Law inheritance.
4. The State has since proceeded with prosecution under administrative codes repugnant to the 'law of the land."
5. The Fraternal Order of Police (FOP) has endorsed and supported enforcement against Plaintiff's lawful travel, constituting conspiracy under 42 U.S.C. § 1985.

(Doc. 1, pg. 4).

Plaintiff brings four claims, which are restated below in their entirety:

Count I – Deprivation of Rights under 42 U.S.C. § 1983
Defendants deprived Plaintiff of rights secured by the Magna Charta 1215 anno domini, the Act of Supremacy 1559 anno domini, the New Jersey Provincial council 1702 anno domini, and the Treason Act 1351.

Count II – Common Law Trespass and Conversion
By confiscating private identification documents and property, Defendants committed trespass and conversion.

Count III – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)
Defendants conspired to suppress Plaintiff's rights under color of law.

Count IV – Negligent Supervision and Failure to Train
Defendants failed to properly train and supervise officers, resulting in Plaintiff[']s injury.

(Doc. 1, pg. 4).

Plaintiff seeks "a Restraining Order and Preliminary Injunction" restraining Defendants from "[e]ngaging in retaliatory enforcement actions", "[c]onfiscating private property without lawful warrant", "[i]nterfering with Plaintiff's right to travel or communicate regarding AEnglisc/Common-law heritage", and "[a]rresting, detaining, or prosecuting Plaintiff for any matter arising from or related to the incident of May 29, 2025." (Doc. 1, pgs. 4-5, 7). Plaintiff also seeks a declaratory judgment that Defendants' conduct violates the Constitution and Article VI of his sovereign rights. (Doc. 1, pg. 5). Finally, Plaintiff seeks compensatory damages.

Plaintiff's claims arise from a traffic stop on May 29, 2025, which resulted in charges against Plaintiff for driving without a valid license, improper use of evidences of registration, uninsured motor vehicle, and no registration. *State of Illinois v. Hagan Hannibal*, Case No. 2025-MT-001080. These charges are presently pending before the Madison County Circuit Court, and the case is set to proceed to trial on November 21, 2025.

## DISCUSSION

The *Younger* abstention doctrine prohibits federal courts from intervening in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1974) (recognizing the applicability of the *Younger* abstention doctrine to state civil proceedings). The doctrine "is rooted in traditional principles of equity, comity, and federalism." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). The court may raise *Younger* abstention *sua sponte*. *Booth v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014) (citing *Capra v. Cook Cnty. Bd. Of Review*, 733 F.3d 705, 713 n.5 (7th Cir, 2013)).

3

Under *Younger* abstention, a court must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances – like bias or harassment – exist which auger against abstention." *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998). The court must also abstain from taking jurisdiction over claims for monetary damages that "may interfere with ongoing state proceedings."

The Court finds that *Younger* abstention is required here. Plaintiff asks the Court to enjoin the state from prosecuting him, to declare the Defendants' conduct in connection with his prosecution unconstitutional, and to award monetary damages for the Defendants' allegedly unconstitutional conduct. The relief Plaintiff seeks is necessarily "aimed at controlling or preventing the occurrence of specific events that might take place" during his state proceedings. *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). Moreover, two of the charges in the underlying case, driving without a license and improper use of evidences of registration, are misdemeanors. *See* 625 IlCS 5/6-101, 625 ILCS 5/3-703. As such, the underlying case is an ongoing state criminal proceeding to which *Younger* abstention applies. *See Sprint v. Communications, Inc. v. Jacobs,* 571 U.S. 69, 79 (2013). Plaintiff will have the opportunity to litigate his claims in his state case either before the trial court judge or on appeal. Finally, there do not appear to be any exceptional circumstances that counsel against abstention. For these reasons, Plaintiff's requests for injunctive and declaratory relief are dismissed and his request for a preliminary injunction is denied.

The next question is whether Plaintiff's claims for monetary damages should proceed. As the Supreme Court has explained, when *Younger* abstention is required, "the district Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995) (quoting 484 U.S. 193, 202 n. 6 (1988)); *see*, e.g., *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (staying a § 1983 case rather than dismissing it because monetary relief was unavailable to a plaintiff in his defense of ongoing criminal charges). But in the instant case, Plaintiff's request for money damages does not require a stay of proceedings. As is explained more fully below, Plaintiff's claims are premised on sovereign citizen ideology (or something akin thereto) and are therefore frivolous.

Here, Plaintiff seeks compensatory damages based on alleged violations of "AEnglisc common law," "Magna [Carta]," "Common Law inheritance," the "Act of Supremacy 1559," the "New Jersey Provincial Council 1702,"  Plaintiff has also attached to his Complaint a "Notice and Order to All Peace Officers and Other Parties" from the ANPC International declaring itself a "private nation" and notifying government officials of their duty to honor its members status as part of a private nation. (Doc. 1, pg. 12). It further provides that officials may not detain, hold, or question its members. (Doc. 1, pg. 12). Finally, Plaintiff includes documentation indicating that the personal property he alleges was wrongfully taken from him included his "private license plate, not issued under the corporate franchise known as the 'Secretary of State'"; his "insurance card, a document evidencing private contractual protection;" and his "Traveler Authorization Card, a document lawfully attesting to [his] right to freely travel under common law."

(Doc. 1, pg. 14). All of these documents were issued under the purported authority of the ANPC. (Doc. 1, pg. 13).

Plaintiff's allegations and references to his private status as a member of the private ANPC nation, are similar to arguments commonly made by so-called "sovereign citizens" in that they suggest that the government is illegitimate and/or that certain individuals are exempt from state or federal law. Such arguments have been rejected repeatedly by courts as frivolous and a waste of court resources. See *United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir.2014) ("sovereign citizen" arguments can take many forms and use many titles, but at their core, "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has 'no conceivable validity in American law.' ") (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990)); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").*See also* e.g., *McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting plaintiff's argument that he was outside the laws or authority of Illinois); *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (suit to enjoin state and county officials from taxing real estate based on plaintiff's alleged Moorish origin was frivolous).

Accordingly, to the extent that Plaintiff is seeking monetary damages, his claims are premised on frivolous ideology, do not warrant a stay of proceedings, and are dismissed as frivolous.

## CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. To the extent that Plaintiff seeks injunctive and declaratory relief, Plaintiff's claims are **DISMISSED** with prejudice on the basis of the *Younger* abstention doctrine.
2. Plaintiff's request for a preliminary injunction is **DENIED**.
3. To the extent that Plaintiff seeks monetary damages, his claims are **DISMISSED** with prejudice as frivolous.

The Court **DIRECTS** the Clerk to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: October 21, 2025

_____
DAVID W. DUGAN
United States District Judge